**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

**REBECCA A. GREGG,**

      **Plaintiff,**

**-vs-**                **Case No. 6:06-cv-1892-Orl-28DAB**

**COMMISSIONER OF SOCIAL
SECURITY,**

      **Defendant.**

_____

## MEMORANDUM OPINION AND ORDER

This cause came on for consideration without oral argument on review of the Commissioner's denial of Plaintiff's application for social security disability insurance benefits. For the reasons set forth herein, the decision of the Commissioner is **AFFIRMED.**

### *PROCEDURAL HISTORY*

On December 16, 2002, Plaintiff filed an application for a period of disability and disability insurance benefits under Title II of the Social Security Act, alleging an onset date of December 1, 2002 (R. 88-91). The application was denied initially (R. 54-55) and on reconsideration (R. 58-59). Plaintiff requested and received a hearing before an administrative law judge (herein "the ALJ") (R. 375-439). The ALJ issued a denial of the claim August 25, 2005 (R 36-44). Plaintiff filed a request for review with the Appeals Council (R. 72-74), and the Appeals Council vacated the August 25, 2005 decision and remanded the matter to the ALJ for resolution of certain issues (R. 51-53).

The ALJ held a second administrative hearing on June 14, 2006 (R. 348-74) and issued the instant unfavorable decision on August 16, 2006 (R. 14-22). The Appeals Council declined Plaintiff's request for review (R. 5-7), making the August 16, 2006 decision of the ALJ the final decision of the

Commissioner. Plaintiff timely sought review in this Court (Doc. No. 1) and the matter is now ripe for consideration.

## *SUMMARY OF EVIDENCE*

Plaintiff was 61 years old at the time of the hearing decision, with a high school education and at least a year of college (R. 118, 355). Past relevant work experience included work as an automobile damage estimator, writing estimates of damaged vehicles for an auto repair shop and coordinating with customers and insurance companies on repairs (R. 117,122-28, 356). At the time of the hearing, Plaintiff was working part time at a gym (R. 356-59).

The medical evidence is well summarized in the ALJ's decision and will be referred to more particularly as needed herein. Briefly, Plaintiff alleges disability from December 1, 2002, due to back pain and depression (R. 56, 60, 88). Following an automobile accident on May 24, 2000 (R. 38, 180, 230), Plaintiff was treated for back pain, which ultimately resolved (R. 239). X-rays of her back taken at the time were normal (R. 239).

Plaintiff next sought treatment for knee pain on July 17, 2001, and was diagnosed with traumatic chondromalacia of the left knee, for which she was treated conservatively (R. 240-41). During August of 2001, Plaintiff sought treatment for low back and leg pain (R. 239). An MRI showed significant spinal stenosis and large bulging discs at L4-5 and L5-S1 (R. 236). Plaintiff was initially treated with pain medication and epidural steroid injections, but, on July 12, 2002, she underwent back fusion surgery (R. 38, 180-86, 226, 234). Plaintiff improved significantly, and by February 19, 2003, she was released back to work with restrictions of no lifting greater than twenty-five pounds and no repetitive bending, twisting, squatting, stooping or climbing (R. 221). The record also contains a functional capacity evaluation completed by a physical therapist on December 20, 2004, which purports to limit Plaintiff more significantly (R. 297-300, 301-27).

Plaintiff complained of depression to her primary care doctor, who placed her on anti-depressant medications (R. 214-219). A consultative psychological examination performed at the request of the administration revealed that Plaintiff likely had an adjustment disorder with depressed mood but was alert and well oriented with no symptoms of psychosis, no evidence of suicidal or homicidal tendencies, and appeared in no acute mental distress (R. 242-44). She had good recall of recent and remote events; speech and thought processes were logical and coherent; and she had a full range of appropriate affects. Plaintiff undertook treatment with a mental health therapist in late 2003 and 2004 (R. 334-36) and was evaluated by a psychiatrist on June 7, 2006 (R. 342).

The record includes the opinions of two state agency nonexamining physicians (finding Plaintiff capable of light work with some postural limitations) and the opinions of two state agency non-examining psychologists (finding Plaintiff's depression to be non-severe) (R. 248-63). The record also contains the testimony of vocational experts, as well as Plaintiff's testimony and documentation from Plaintiff and her husband.

In her determination, the ALJ found that Plaintiff had a severe impairment but that the impairment did not meet or equal the listings, and determined that Plaintiff had the residual functional capacity ("RFC") "to lift/carry 25 pounds: to stand/walk for 6 hours in an 8-hour work day; to sit for about 6 hours in an 8- hour workday; and is to do no repetitive bending, twisting, squatting, stooping or climbing." (R 17). The ALJ determined that Plaintiff could return to her past relevant work as an auto collision estimator/assistant manager, and was therefore not disabled.

### *STANDARD OF REVIEW*

The scope of this Court's review is limited to determining whether the ALJ applied the correct legal standards, *McRoberts v. Bowen*, 841 F.2d 1077, 1080 (11th Cir. 1988), and whether the findings are supported by substantial evidence, *Richardson v. Perales*, 402 U.S. 389, 390 (1971). The Commissioner's findings of fact are conclusive if supported by substantial evidence. Title 42 U.S.C.

§ 405(g). Substantial evidence is more than a scintilla – *i.e.,* the evidence must do more than merely create a suspicion of the existence of a fact, and must include such relevant evidence as a reasonable person would accept as adequate to support the conclusion. *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995).

Where the Commissioner's decision is supported by substantial evidence, the district court will affirm, even if the reviewer would have reached a contrary result as finder of fact, and even if the reviewer finds that the evidence preponderates against the Commissioner's decision. *Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991); *Barnes v. Sullivan*, 932 F.2d 1356, 1358 (11th Cir. 1991). The district court must view the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision. *Foote*, 67 F.3d at 1560; *accord, Lowery v. Sullivan*, 979 F.2d 835, 837 (11th Cir. 1992) (court must scrutinize the entire record to determine reasonableness of factual findings).

### *ISSUES AND ANALYSIS*

Plaintiff asserts that the ALJ erred in her determination of Plaintiff's residual functional capacity and Plaintiff's ability to return to her past relevant work. Plaintiff challenges the current findings of the ALJ and asserts that the doctrine of collateral estoppel prohibits the ALJ from disturbing her previous finding that Plaintiff's RFC restricted her from being able to perform her past relevant work. The Court finds no error.

The doctrine of collateral estoppel has no application here, as the initial opinion of the ALJ was not a final decision. On August 25, 2005, the ALJ issued a determination which found, among other things, that "Plaintiff was unable to perform any of her past relevant work" (R.43). As pointed out by the Commissioner, however, Plaintiff requested review of that determination. On review, the Appeals Council *vacated* the ALJ's 2005 decision, and remanded the case, for further development of the record and further consideration (R. 51 and 52). The ALJ held a subsequent hearing and made

new findings. Under these circumstances, the ALJ is not bound to a vacated finding. *See Gibbs v. Barnhart,* 130 Fed. Appx. 426, 430, 2005 WL 1052858 (11th Cir. 2005) ("Because the Appeals Council vacated the first ALJ's written decision with instructions for the ALJ to obtain and consider additional evidence, the specific findings contained in that first written decision were never conclusively established and were subject to modification."); *see also Houston v. Sullivan,* 895 F.2d 1012 (5th Cir. 1989) (ALJ not bound to earlier decision, on remand). Absent a final decision, the doctrine of collateral estoppel does not bar the ALJ's reconsideration of the entire matter, on a more developed record, following remand from the Appeals Council.

Plaintiff also contends that the ALJ erred in her determination of Plaintiff's RFC and in her finding that Plaintiff could return to her past relevant work by: 1) failing to properly credit the opinions of Plaintiff's treating physicians; 2) in characterizing Plaintiff's past relevant work as sedentary; and 3) in failing to consider Plaintiff's mental impairment as severe. The Court addresses each, in turn.

**Treating Physicians**

Substantial weight must be given to the opinion, diagnosis and medical evidence of a treating physician unless there is good cause to do otherwise. *See Lewis v. Callahan*, 125 F.3d 1436, 1440 (11th Cir. 1997); *Edwards v. Sullivan*, 937 F.2d 580, 583 (11th Cir. 1991); 20 C.F.R. § 404.1527(d). If a treating physician's opinion on the nature and severity of a claimant's impairments is well-supported by medically acceptable clinical and laboratory diagnostic techniques, and is not inconsistent with the other substantial evidence in the record, the ALJ must give it controlling weight. 20 C.F.R. § 404.1527(d)(2). The ALJ may discount a treating physician's opinion or report regarding an inability to work if it is unsupported by objective medical evidence or is wholly conclusory. *See Edwards*, 937 F.2d 580 (ALJ properly discounted treating physician's report where the physician was unsure of the accuracy of his findings and statements.)

Where a treating physician has merely made conclusory statements, the ALJ may afford them such weight as is supported by clinical or laboratory findings and other consistent evidence of a claimant's impairments. *See Wheeler v. Heckler*, 784 F.2d 1073, 1075 (11th Cir. 1986); *see also Schnorr v. Bowen*, 816 F.2d 578, 582 (11th Cir. 1987). When a treating physician's opinion does not warrant *controlling* weight, the ALJ must nevertheless weigh the medical opinion based on the 1) length of the treatment relationship and the frequency of examination; 2) the nature and extent of the treatment relationship; 3) the medical evidence supporting the opinion; 4) consistency with the record as a whole; 5) specialization in the medical issues at issue; 6) other factors which tend to support or contradict the opinion. 20 C.F.R. § 404.1527(d). However, a treating physician's opinion is generally entitled to more weight than a consulting physician's opinion. *See Wilson v. Heckler*, 734 F.2d 513, 518 (11th Cir. 1984); *see also* 20 C.F.R. § 404.1527(d)(2).

Here, the record contains two opinions from two treating physicians. Dr. Goll, Plaintiff's treating orthopedist, completed a form in January 2006 indicating that Plaintiff was capable of performing less than sedentary work (R. 341). The ALJ discounted that opinion as being inconsistent with Dr. Goll's physical examination reports and earlier assessments (R. 21). This finding is supported by substantial evidence. The last treatment note of record, dated February 19, 2003, indicated that Plaintiff was "doing great" with no back pain or leg pain or weakness (R. 221). Physical examination showed full extension and flexion of the lumbar spine, without limitation, and no neurological, motor or sensory deficits were present. In fact, Dr. Goll released Plaintiff back to work, with restrictions similar to the RFC found by the ALJ. *Id.* As noted by the ALJ, there are no subsequent treatment notes from Dr. Goll prior to the issuance of his opinion, almost three years later.[1]

---

[1] Plaintiff testified that she saw Dr. Goll only once a year, and asserts that "certain records were not requested by SSA or made a part of the record." This argument is unsupported as Plaintiff has yet to tender or identify any such records. Moreover, Plaintiff was represented by counsel, and counsel was directed by the agency to submit additional records, if they exist (R. 71, 79). It is not the Commissioner's burden to locate records Plaintiff suggests were not provided by the physician.

Plaintiff asserts that, while there were no treatment notes, she did undergo a functional capacity evaluation with a physical therapist on December 20, 2004, and the results of that evaluation could have been considered by Dr. Goll.  The physical therapist opined that Plaintiff was capable of sitting, standing and walking throughout the three and a half hour exam and lifting no more than ten pounds (R. 298).  Plaintiff demonstrated reduced lumbar range of motion, overhead reaching, and hand grip. The evaluator concluded Plaintiff had no ability to stoop, kneel, crouch or crawl, but stated that Plaintiff was capable of sedentary work, as defined by the Department of Labor (R. 299-300). Even if it were to be assumed that Dr. Goll received this evaluation, which is markedly inconsistent with his own physical examination and conclusions of the prior year and inconsistent with Plaintiff's self-described active lifestyle, it still would not support his opinion, as the evaluator found Plaintiff to be capable of sedentary work.  To the extent Plaintiff is contending that the evaluation is in and of itself evidence of disability, the evaluation was completed by a physical therapist, who is not an acceptable medical source. See 20 C.F.R. §§ 404.1513(a).  On its merits, it is not entitled to controlling weight.

Plaintiff also relies on the December 21, 2004 mental status opinion of her family doctor, which indicated serious limitations in the ability to perform at a consistent pace and other limitations related to Plaintiff's ability to handle stress (R. 328).  Dr. Pursley also felt that Plaintiff may need to take an inordinate amount of breaks during the day due to fatigue and other physical complaints  (R. 328).  The ALJ discounted this opinion, as being outside Dr. Pursley's area of expertise and inconsistent with Plaintiff's current successful employment (R. 18-19).  The ALJ also noted the paucity of treatment records (only one treatment note from Dr. Pursley) and Plaintiff's active lifestyle, as well as the contrary opinions of the non-examining state agency psychologists and consultative examiner (R. 17-19, 21).  These findings are supported by substantial evidence.  Indeed, Dr. Pursley's opinion is inconsistent with his own lone treatment note, dated August 26, 2003 (R. 245-47).  In that

note, Dr. Pursley stated that Plaintiff was overall doing well and could "go all day long" if she had something to do, noting "she is able to focus and can concentrate without problems if she 'wants too.'" *Id.* She reported no problem with activities of daily living, and, most notably, "she is able to maintain a persistent pace without problem as long as she is motivated to do so." *Id.*

As the ALJ gave detailed reasons for discounting the opinions of Dr. Goll and Dr. Pursley and for relying on the consultative physician and non-examining physicians opinions, and these reasons are supported by substantial evidence, the ALJ did not err.

### Plaintiff's Past Relevant Work

Plaintiff asserts that the ALJ mischaracterized her work as an automobile estimator as sedentary, when it is in fact, light. While it appears that the ALJ did misstate the level (R. 22), as the record supports her ultimate conclusion with respect to Plaintiff's RFC to perform light work and ability to return to her past relevant work, the error is harmless. As noted by the Commissioner, the ALJ clearly accepted the testimony from the vocational expert that the auto job involved skilled light work (R. 161, 373). As pointed out by Plaintiff, light work includes work requiring lifting of up to 20 pounds occasionally. As the ALJ determined that Plaintiff had the RFC to, among other things, lift and carry 25 pounds, and accepted the hypothetical posed to the vocational expert (which described light work), the error is of no moment.

### Mental Impairment

In addition to discounting the opinion of Dr. Pursley, the ALJ determined that Plaintiff's alleged mental impairment of depression was non-severe. Plaintiff asserts that this was error in that an ALJ must consider all impairments in combination, even those which are determined to be non-severe.

In determining whether a claimant's physical and mental impairments are sufficiently severe, the ALJ must consider the combined effect of all of the claimant's impairments, and must consider

any medically severe combination of impairments throughout the disability determination process. 42 U.S.C. § 423(d)(2)(B). The ALJ must evaluate a disability claimant as a whole person, and not in the abstract as having severe hypothetical and isolated illnesses. *Davis v. Shalala*, 985 F.2d 528, 534 (11th Cir. 1993). Accordingly, the ALJ must make specific and well-articulated findings as to the effect of the combination of impairments when determining whether an individual is disabled. *Id.*, 985 F.2d at 534.

Here, the ALJ provided a detailed discussion of Plaintiff's alleged mental limitations and an analysis as to the effect of that limitation (R. 17-19, 21). The ALJ concluded that the evidence showed only mild restrictions on activities of daily living, social functioning and concentration, with no evidence of decompensation (R. 19). This finding is supported by substantial evidence. Plaintiff works three days a week at a gym, part-time, where she answers phones, gives tours and shows clients how to use the fitness machines (R. 353-54; 382-83). She drives; visits the elderly; shops, runs errands, and visit with friends and family (R. 131, 142, 143, 147). She reads, watches televison, plays computer games, and travels with her husband (R. 149, 153, 335). She enjoys going to the movies and likes to swim (R. 153). She manages her own finances. The ALJ's conclusion that her impairments do not significantly her functional abilities is well supported by the record as a whole.

## CONCLUSION

While Plaintiff contends that substantial evidence supports her claim of disability, that is not the standard for this Court's review. It is for the Commissioner, and not this Court, to review and weigh the evidence. The focus of the Court is solely on whether the administrative decision is based on substantial evidence (and not whether a contrary result is supportable) and whether the decision was made in accordance with proper legal standards. As the decision in this case comports with that standard, it is **AFFIRMED.** The Clerk is directed to enter judgment accordingly and to close the file.

**DONE** and **ORDERED** in Orlando, Florida on December 17, 2007.

*David A. Baker*

DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record